# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| REYNALD ATHLAI AMAZAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:16-cv-00383-JTM-SLC |
| | ) |
| IVY TECH COMMUNITY COLLEGE- | ) |
| NORTHEAST, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

On November 9, 2016, pro se Plaintiff Reynald Athlai Amazan filed this suit advancing claims under the Americans with Disabilities Act against Defendant Ivy Tech Community College - Northeast ("Ivy Tech") (DE 1), together with a motion asking that the Court appoint an attorney to represent him (DE 3). Because Amazan is competent to litigate this case himself at this early stage of the proceedings, his motion will be DENIED.

### *A. Legal Standard*

Civil litigants do not have a right, either constitutional or statutory, to court-appointed counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Rather, district courts are empowered to appoint an attorney to represent a plaintiff without charge when he is "unable to afford counsel," 28 U.S.C. § 1915(e)(1), or in Title VII cases "in such circumstances as the court may deem just," 42 U.S.C. § 2000e-5(f)(1).

The Seventh Circuit Court of Appeals has instructed that several factors should be weighed by the district court when determining whether appointment of counsel is warranted: (1) whether the plaintiff has made a reasonable attempt to obtain counsel or been effectively

precluded from doing so; and (2) given the difficulty of the case, whether the plaintiff appears competent to litigate it himself. *Pruitt*, 503 F.3d at 654-58; *Sherrill v. Potter*, 329 F. App'x 672, 675 (7th Cir. 2009) (applying the *Pruitt* factors in a Title VII case); *Darden v. Ill. Bell Tel. Co.*, 797 F.2d 497, 500-501 (7th Cir. 1986) (instructing the court to consider "the merits of the plaintiff's claim, the plaintiff's diligence in attempting to obtain a lawyer, and the plaintiff's financial ability to retain counsel" when considering a motion to appoint counsel under Title VII (citation omitted)).

The second portion of this inquiry, stated another way, is "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge and jury himself." *Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) (quoting *Pruitt*, 503 F.3d at 655). In conducting this inquiry, the district court must ascertain "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655 (emphasis omitted). Normally, determining a plaintiff's competence will be assessed by considering "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Id.* If the record reveals the plaintiff's intellectual capacity and psychological history, these too would be relevant. *Id.* Overall, the decision to recruit counsel "is a practical one, made in light of whatever relevant evidence is available on the question." *Id.*

### B. Analysis

Amazan states that he has contacted at least five attorneys, but none have taken his case. *See Jackson v. Cty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992) ("If . . . the indigent has

made no reasonable attempts to secure counsel (unless circumstances prevented him from doing so), the court should deny any § 1915(d) motions outright."). Thus, although Amazan has satisfied the threshold element of a request for counsel, at least five attorneys have chosen to pass up the opportunity to represent him. This circumstance speaks rather directly to the merits of Amazan's case and raises a fair inference that these attorneys did not view his case as meritorious. *See id.* (considering plaintiff's unsuccessful attempts to retain counsel when denying his motion to appoint counsel).

Moving on to the second portion of the inquiry, this suit is a relatively straightforward retaliation and discrimination action: Amazan, who is a student at Ivy Tech, claims that Ivy Tech discriminated and retaliated against him based on his disability when it terminated him from his work-study job as a "peer mentor coordinator." (DE 1); *see, e.g.*, *Jagla v. LaSalle Bank*, No. 05 C 6460, 2006 WL 1005728, at *5 (N.D. Ill. Apr. 12, 2006) (denying plaintiff's request for counsel in a straightforward national origin discrimination case, observing that the issue did not involve any "nonintuitive procedural requirements applied in a setting of complex legal doctrine" (quoting *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 429 (7th Cir. 1991))).

Amazan has already adequately articulated his claims in this suit (DE 1); participated in a Rule 16 preliminary pretrial conference (DE 15); and filed a lengthy letter seeking the appointment of counsel (DE 3). It is evident from Amazan's filings and his participation in the preliminary pretrial conference that he is assertive and possesses adequate communication skills, certainly at a sufficient level to proceed pro se. *Cf. Dewitt v. Corizon, Inc.*, 760 F.3d 654, 658 (7th Cir. 2014) (reversing a district court's denial of request for counsel pertaining to "a blind and indigent prisoner with a tenth-grade education and no legal experience" in a case involving

3

complicated medical matters); *Henderson v. Ghosh*, 755 F.3d 559, 567 (7th Cir. 2014) (reversing a district court's denial of request for counsel where the record reflected plaintiff's low IQ, functional illiteracy, and poor education). At the preliminary pretrial conference, Amazan was able to articulate the events leading up to his filing this case, the claims that he is advancing, and the relief that he seeks.

Amazan states that he has a "short arm disability," but there is no suggestion that this disability would impair his ability to prosecute this case pro se. Amazan also has a learning disability, but he describes it as "mild" in that sometimes he requires additional time to process things. In that regard, Amazan attached to his complaint a 2010 report from Psychological Services of Fort Wayne Community Schools, which reflects that he was functioning in the low average range of intellectual ability when he was in the ninth grade. (DE 1 at 11-13). Amazan has since pursued an associate's degree in general studies at Ivy Tech, which he plans to complete in 2017. As stated earlier, Amazan was working as a "peer mentor coordinator" with Ivy Tech when the events giving rise to this lawsuit occurred, and he later became a "work study soccer coach" there. (DE 1 at 3, 7).

Notably, Amazan is not incarcerated and thus has the freedom and ability to perform his own research. In that he is currently a student at Ivy Tech, he obviously has access to a library. Furthermore, many of the facts of this case are within Amazan's particular knowledge, so the task of discovery does not appear particularly complex.

Considering the foregoing, Amazan appears competent to adequately handle the litigation of this case, at least at this stage of the proceedings. Consequently, Amazan's motion asking that the Court appoint counsel for him will be denied. If his case survives the filing of dispositive

motions, the Court will reconsider recruiting counsel for him upon his further motion. *See Mungiovi v. Chi. Hous. Auth.*, No. 94 C 6663, 1994 WL 735413, at *2 (N.D. Ill. Dec. 19, 1994) ("[The] court's general practice is to consider appointment of counsel if and when it appears that the action has sufficient merit to require complex discovery or an evidentiary hearing." (citation omitted)).

### *C. Conclusion*

For the reasons stated herein, Amazan's motion requesting appointment of counsel (DE 3) is DENIED. Amazan is, of course, free to attempt to secure counsel on his own.

SO ORDERED.

Entered this 4th day of January 2017.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge